NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-531

COMMONWEALTH

vs.

LUIS DEJESUS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The only issue raised by the defendant in this appeal is whether the trial judge should have granted his motions for a mistrial based on the fact that the defendant was too afraid to testify because of comments made by a witness outside the courtroom.  Finding no error, we affirm.

During the defendant's jury trial, the defendant's trial counsel informed the trial judge that, outside the courthouse, a witness in the case had yelled at the defendant, "I hope you go to jail, you bitch ass nigger"[1] and "I hope they smoke you."

---

[1] Following Commonwealth v. Rodriguez, 101 Mass. App. Ct. 439, 440 n.3 (2022), "[w]e use the epithet in full once for clarity, and to ensure that the topic is searchable in legal databases."

Defense counsel also reported that a court officer had seen this interaction and brought the defendant inside the courthouse for the defendant's safety. Counsel further informed the judge about another incident in which the same witness said that he was waiting in court "to see that MF go to jail." This statement was overheard by another attorney. Defense counsel did not move for a mistrial on these occasions.

On the fourth day of trial, defense counsel moved for a mistrial and stated that the defendant had wanted to testify at the trial, but because of these prior statements of the witnesses, he was now too afraid to do so. Counsel informed the judge that, after court the prior day, defense counsel had to escort the defendant to his car because the defendant was afraid.

The trial judge informed defense counsel that more security was called in because of the interaction between the defendant and the witness. Additionally, the trial judge sought suggestions from defense counsel as to what could be done to allay the defendant's concerns. Trial counsel stated that he didn't think there was anything that the judge could do, but "time will." The judge denied the defendant's motion for a mistrial.

We review the denial of a motion for a mistrial for an abuse of discretion. Commonwealth v. Doughty, 491 Mass. 788,

796 (2023). A judge's decision constitutes an abuse of discretion where the judge made "a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives." Id., quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

There is no dispute regarding defense counsel's representations about the encounters between the witnesses and the defendant.[2] Although the defendant has filed no affidavit nor filed a motion for new trial, we accept the argument that the defendant was afraid to testify because of the witness's statements. Nonetheless, the defendant waived his right to testify in his own behalf. A defendant's fear in testifying does not justify the granting of a motion for a mistrial. "A hard choice is not the same as no choice." Commonwealth v. Weichell, 446 Mass. 785, 801 (2006), quoting United States v. Martinez-Salazar, 528 U.S. 304, 315 (2000).

A judge has the responsibility to control trial proceedings and we defer to judges on the actions that need to be taken to ensure a fair trial. See Commonwealth v. Scionti, 81 Mass. App.

---

[2] The defendant argues that this Court should remand the matter for an evidentiary hearing to have witnesses testify regarding the statements made to the defendant. As stated, the Commonwealth never disputed any of the facts and we assume, for purposes of the appeal, that all the statements are true and that the defendant was truly in fear because of them.

3

Ct. 266, 276 (2012).  See also Commonwealth v. Fernandes, 478 Mass. 725, 733 (2018).  The judge did all she could to make sure the defendant received a fair trial.  She ensured that extra court officers were present in the courtroom and sternly reprimanded the witness who made direct statements at the defendant.  Lastly, she asked defense counsel if there was anything else he could think of to assuage the defendant's fear.

Here, defense counsel's statement that more time would help with the defendant's fear is speculative.  There is nothing to suggest that if the motion for new trial had been granted and a new trial took place in days, weeks, or even months, that anything would change.  The witnesses were necessary for the Commonwealth and would be called to testify in the future.  The animosity between the witnesses and the defendant would not necessarily dissipate with time.

The judge did not abuse her discretion in denying the defendant's motions for a mistrial.

Judgment affirmed.

By the Court (Meade, Walsh & D'Angelo, JJ.[3]),

Clerk

Entered:  August 19, 2024.

---

[3] The panelists are listed in order of seniority.

4